UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

v.                                              **DECISION AND ORDER**

MAX PAUL RIESTRA,                    1:15-CR-00202 EAW

                    Defendant.

_____

Defendant Max Paul Riestra (hereinafter "Defendant") has filed a *pro se*[1] motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).  (Dkt. 440).  For the reasons set forth below, the motion is denied.

I.      **BACKGROUND**

Defendant—who is 45 years old[2] and a citizen of Mexico (Dkt. 349 at 2)—pleaded guilty on January 16, 2019, pursuant to the terms and conditions of a plea agreement to the following two counts of the second superseding indictment: (1) conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846; and (2) conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (Dkt. 297; Dkt. 298).  As part of his plea agreement, Defendant admitted to being

_____

[1]      Defendant's motion contains a boilerplate request for appointment of counsel.  (Dkt. 440 at 10).  That request is denied.  *See United States v. Diaz*, No. 16-CR-719 (RJS), 2022 WL 3020145, at *4 (S.D.N.Y. July 28, 2022) (appointment of counsel for compassionate release motion rests in the court's sole discretion which turns, in large part, on the merits of the motion).

[2]      In his motion, Defendant states that he is 42 years old.  (Dkt. 440 at 3).  However, according to the birthdate contained in the presentence investigation report, Defendant is 45 years old.  (Dkt. 349 at 2).

involved in a significant cocaine trafficking conspiracy during an approximate four-year time period, where Defendant was involved in the distribution of multiple kilograms of cocaine in cities around the country, including Buffalo, and he controlled four separate FedEx accounts used to ship packages containing kilogram quantities of cocaine and sometimes heroin around the country.  (Dkt. 297 at ¶ 4(a) & (b)).  Defendant also admitted to a significant money laundering operation related to the drug conspiracy, agreeing that he and his co-conspirators were involved in over one million dollars in structured deposits of drug proceeds in Buffalo during this time period, and over ten million dollars nationwide.  (*Id*. at ¶ 4(c)).  Defendant used various aliases as part of his drug trafficking activities.  (*Id*. at ¶ 4(b), (c) & (d)).  On May 9, 2019, the undersigned sentenced Defendant to a below-Guidelines prison sentence of 216 months, to be followed by an aggregate term of five years supervised release. (Dkt. 354; Dkt. 356; Dkt. 357).   At the time of his sentencing, Defendant had previously been convicted of a prior state court drug felony in 2010, as well as other prior crimes, resulting in a criminal history category under the Sentencing Guidelines of III.  (*See* Dkt. 349 at ¶¶ 80-88).  In addition, Defendant was in the United States illegally at the time of his criminal offenses.  (*Id*. at ¶ 89).

Defendant is currently housed at United States Penitentiary Lompoc ("Lompoc") in California, and his scheduled release date is September 10, 2031.  *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Nov. 27, 2022). According to the Bureau of Prison's ("BOP") website tracking COVID-19 cases in its facilities, 5 inmates and 4 staff at Lompoc are currently testing positive for COVID-19. *See COVID-19: Coronavirus, Fed. Bureau of Prisons*, https://www.bop.gov/coronavirus/

(last visited Nov. 27, 2021).  The inmate population at Lompoc is 1,677.  *See USP Lompoc,*

*Fed. Bureau of Prisons*, https://www.bop.gov/locations/institutions/lom/ (last visited Nov.

27, 2022).

Through counsel, Defendant previously filed a motion for compassionate release on

May 25, 2021 (Dkt. 418), and the undersigned denied that motion by Decision and Order

entered August 9, 2021 (Dkt. 425).  The Court previously reasoned that Defendant had

failed to establish extraordinary and compelling circumstances to warrant compassionate

release, or that the factors set forth at 18 U.S.C. § 3553(a) justified the requested relief.

(*Id*.).

Defendant bases his present motion for compassionate release on many of the same

grounds that he previously asserted—namely, that extraordinary and compelling

circumstances exist because of the COVID-19 pandemic combined with his current

medical conditions.  (*See* Dkt. 440 at 3-6).  In addition, Defendant cites to "Monkeypox"

as another health concern.  (*Id*. at 4).  Defendant also argues that the § 3553(a) factors

justify his request because he does not present a risk of danger, he has "minimal criminal

history," his age "puts him at a zero risk of recidivism," and he has been "positively

programming while incarcerated. . . ."  (*Id*. at 6-7).

The government opposes Defendant's motion, citing to the steps taken by the

Bureau of Prisons—and more specifically Lompoc—to protect against the spread of the

virus causing COVID-19, as well as protocols to prevent Monkeypox infection (which has

not been identified or confirmed at Lompoc).  (*See* Dkt. 443 at 2-4).  The government

concedes that Defendant has satisfied the procedural requirements for filing the present

motion (*id*. at 6), but contends that the motion must be denied on the merits because Defendant has failed to establish extraordinary and compelling circumstances justifying the requested relief and the § 3553(a) factors do not justify the request (*id*. at 7). The government argues that Defendant's medical conditions could constitute extraordinary and compelling circumstances if Defendant was not vaccinated against COVID-19, but because he has been fully vaccinated, the requisite extraordinary and compelling circumstances have not been established. (*Id*. at 9).

In addition, the United States Probation Office ("USPO") has submitted a memorandum dated October 11, 2022, stating that Defendant's medical needs are being adequately addressed at Lompoc, that Defendant is fully vaccinated against COVID-19, and that Lompoc is taking proactive, preventive measures to protect inmates and staff. (Dkt. 444). The USPO memorandum opposes Defendant's request for release and opines that Defendant poses a risk of danger to the community if released given his criminal history, which includes twelve arrests on numerous charges and his illegal reentry into the United States after being removed. (*Id*. at 2).

## II.   <u>LEGAL STANDARD AND ANALYSIS</u>

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Gotti*, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020). The compassionate release statute, as amended by the First Step Act, is such a statutory exception, and provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the [BOP] . . ., or upon motion of the defendant after the defendant has fully exhausted all

> administrative rights to appeal a failure of the [BOP] . . . to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A).  Relief is appropriate pursuant to § 3582(c)(1)(A) when the following conditions are met: (1) the exhaustion requirement of the statute is satisfied; (2) extraordinary and compelling reasons warrant a reduction of the prison sentence; and (3) the factors set forth at 18 U.S.C. § 3553(a) support modification of the prison term.[3] "The defendant carries the burden of showing that he or she is entitled to a sentence reduction under the statute."  *United States v. Roney*, No. 10-CR-130S, 2020 WL 2846946, at *2 (W.D.N.Y. June 2, 2020), *aff'd*, 833 F. App'x 850 (2d Cir. 2020).

Here, there is no dispute that Defendant has fully exhausted his administrative remedies and, therefore, the exhaustion requirement does not bar the relief sought by Defendant.   However, the Court concludes that Defendant has failed to establish extraordinary and compelling reasons, and further that the § 3553(a) factors do not support the relief sought by Defendant.

---

[3] Although the statute references the Sentencing Commission's policy statements, the Second Circuit has held that U.S.S.G. § 1B1.13 Application Note 1(D) does not apply to compassionate release motions brought directly to the court, and therefore a court is not constrained by the Sentencing Guideline's policy statements as to what constitutes "extraordinary and compelling."  *United States v. Brooker*, 976 F.3d 228, 236 (2d Cir. 2020).

Although Defendant has established that his existing medical conditions presents a risk factor for severe illness or death from COVID-19, given that Lompoc appears to have the virus under control and that Defendant is vaccinated[4], the Court concludes that Defendant has failed to meet the standard of establishing extraordinary and compelling reasons.

In addition, given the underlying nature of Defendant's conviction, coupled with his criminal history, the Court continues to believe that the below-Guidelines sentence of 216 months is reasonable and appropriate.[5]  In other words, the § 3553(a) factors do not support Defendant's release.  The Court's assessment at the time of sentencing, and its continued assessment, is that Defendant presents a significant risk of danger to the community. Defendant played an active and important role in a drug trafficking conspiracy that impacted many different cities, and involved millions of dollars in drug proceeds and significant amounts of dangerous narcotics.  This was not a fleeting lapse of judgment but rather a pervasive and consistent pattern of conduct which, when viewed with Defendant's

---

[4]     To be clear, the Court does not endorse the government's apparent position that if a defendant elects not to be vaccinated, this could then justify a finding of extraordinary and compelling reasons.  Unless the vaccine refusal was justified by a sound reason, the Court would be hard-pressed to conclude that an individual could manipulate the analysis of whether extraordinary and compelling reasons exist by voluntarily choosing not to take a preventive measure to protect against the dangers of the virus.

[5]     The Court agrees with the government that Defendant's claims of rehabilitation are, in many respects, unsupported and conclusory.  (*See* Dkt. 443 at 15-16).  Nonetheless, for purposes of this Decision and Order, the Court will accept Defendant's contention that he has taken positive steps of rehabilitation while incarcerated.  Still, that does not alter the Court's conclusion that Defendant's release is not warranted based on consideration of the § 3553(a) factors.

- 6 -

prior criminal record and history of disregarding the law, demonstrates that the lengthy period of incarceration was warranted.  Moreover, the Court is not at all convinced that if released, Defendant would not return to his drug trafficking activities—and Defendant's contentions otherwise in his pending motion ring hollow when considering the offense conduct and Defendant's background.  Furthermore, reducing the sentence imposed would undercut the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, including the various co-conspirators of Defendant who were sentenced by the undersigned.

Under the circumstances, the § 3553(a) factors do not warrant a sentence reduction. As a result, granting compassionate release would not be consistent with the factors set forth at 18 U.S.C. § 3553(a), and it would seriously undermine the fairness and purpose of the original sentence.

## III.   <u>CONCLUSION</u>

For the foregoing reasons, Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Dkt. 440) is denied.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:         November 29, 2022
               Rochester, New York

- 7 -